

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-4421
Re: Under facts stated County Attor-
ney of Fayette County earned
compensation in excess of $3,500
in the year 1935, and it is now
the mandatory duty of the Com-
missioners' Court of Fayette
County to set the salary of
the present County Attorney of
said county at $3,500 per annum.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Your opinion is respectfully requested on
the following matter:

"The County Attorney of Fayette County,
Texas, during the fiscal year 1935, earned and
collected fees and ex-officio compensation total-
ing $1,978.70.

"During the year 1935 he earned but did not
collect fees in misdemeanor cases totalling
$2,894.00, the defendants in these cases served
out the same in the county jail.

"When the full amount of the fees earned
and not collected are added to the fees earned
and collected, plus the ex-officio salary, the
earned fees and ex-officio salary total $5,871.35.

"If only one-half the earned fees not col-
lected or the sum of $1,147.00 should be consider-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

ed as earned compensation under Article 1055
CCP then the compensation earned by the County
Attorney in 1935 totals $5,180.70.

"If no earned and not collected fees are
allowed as compensation for 1935 because the
provisions of Article 1055 CCP were not com-
plied with, the compensation earned by the
County Attorney in 1935 would total $1,973.70.

"There were no authorized deductions
claimed for 1935.

"The County Attorney in office during 1935
filed an annual fee report under the provision
of Article 3897 R.C.S. in which he declared
under oath that his gross fees of office, plus
ex-officio compensation during 1935 was $1,973.-
80 and he attached thereto a typewritten list
headed earned cases which, when added to the
fees listed in the annual fee report, totaled
$2,262.30. This Annual Fee Report was checked
by the County Auditor and stamped approved by
him. With this sworn report of the then County
Attorney approved by the then County Auditor
before them, the Commissioners' Court in Jan-
uary 1936 fixed the salary of the County Attor-
ney at $2,750.00 for 1936 and this rate has
been renewed each year thereafter through the
year 1941.

"During the year 1941 an audit of the County
records was made by an outside auditor and the
fees of the County Attorney for 1935 were then
ascertained at approximately the amount quoted
herein, and this additional information about
1935 was before the Court when it became time to
fix the 1942 salary of the County Attorney; the
Commissioners' Court and the County Attorney
stipulate that the fees quoted herein under the
various provisions are correct.

"Our question therefore is this:

"What was the minimum earned compensation
of the County Attorney of Fayette County, Texas,
for the fiscal year 1935 under the provisions of
Article 3912 E of the R.C.S.?"

"The letter hereto attached is the one we failed to bring with us when the auditor and I saw you yesterday. It was drafted by the auditor that was with me, and I am presenting it just like he wrote it since I do not know what the Commissioner's Court told him to find out.

"As he told you in person, both the (1) Dockets of the various Courts and the (2) Sheriff's Reports show that in 1935 the County Attorney of Fayette County actually earned more than $3,500, based upon your method of calculating fees, etc. This includes both collected and uncollected fees in criminal cases. Naturally the then County Attorney nor the present County Attorney could actually determine which defendant paid his fine and costs and which laid them out except by going to the Sheriff's Records since he is the jailor.

"Whenever a judgment has become final, the County Attorney has actually earned his fees, regardless of whether the defendant pays his fine and costs or lays them out in jail, and has nothing further to do with the case or the defendant. The defendant is placed in the custody of the Sheriff or Constable and it is up to him to see that the judgment is satisfied. Naturally the County Attorney of 1935 nor any subsequent one, could determine whether a defendant laid out his fine and costs, except by going to the Sheriff's Records.

"It is therefore my opinion:

"(1) That the best evidence of what the County Attorney actually earned in criminal cases are the dockets and judgments records of the various courts, rather than his individual annual report that he files with the District Clerk. His annual report certainly is not conclusive nor binding on him nor anyone else. See Burtschell vs Colorado County, 185 S. W. 1164; Llano County vs Moore (t) 14-152. Judgments, after they have become final, on the other hand, are conclusive.

"(2) That the Sheriff's Records and reports are the best evidence of which defendant laid his fine and costs out in jail, because the County Attorney's fees are actually earned when a conviction has become final and the collection thereof is then up to the Sheriff or Constable. Only the Sheriff knows whether the defendant has laid out his fine and costs in jail.

"I thought I would give you this additional information hoping that it will aid you in answering the question asked in the attached letter."

Opinions No. O-4281 (as modified by Opinion No. O-4365) and No. O-4365 of this department held under the facts and figures stated therein (not materially or substantially different from the facts and figures above given) that it was the mandatory duty of the Commissioners' Court of Fayette County, Texas, to set the County Attorney's salary at $5,500.00, per annum. Copies of these opinions are enclosed herewith for your information.

We agree with you that the annual report filed by the County Attorney in 1935 is not conclusive or controlling on the question as to the amount he earned in 1935. See the following authorities: Burtschell v. Colorado County, 183 S. W. 1184; Broad v. City of Paris, 18 S. W. 342; Llano County v. Moore, 14 S. W. 152; Boone County v. Jones (Iowa), 37 Amer. Rep. 254, 2 N. W. 987, add Wharton's Evidence ¶ 22.

We agree with you that when the County Attorney secures a conviction in the justice or county court in a criminal misdemeanor case (either by plea of guilty or contested trial) and that judgment thereafter becomes final the County Attorney has earned the fees allowed him by the statutes. Whether or not the defendant ppays his fine in cash, leaves the country and never pays it or lays the fine out in jail or works it out on the county farms or other county projects, is immaterial to the determination of the question as to the amount of "earned compensation" of the County Attorney. See opinion No. O-409 of this department, a copy of which is enclosed for your information. Since this is true we agree with you that the judgment records would be the best evidence to determine the amount of fees earned for such convictions. The sheriff's records or any other evidence with reference to whether or not the defendants laid their fines out in jail would be immaterial to the question involved here.

Honorable John C. Marburger, Page 5

Under the facts stated here it is our opinion that the "earned compensation" (under the Officers' Salary Law) of the County Attorney of Fayette County for the fiscal year 1935 was in excess of $3,500.00. It is our further opinion under the facts stated that it is the mandatory duty of the Commissioners' Court of Fayette County to set the salary of the County Attorney of Fayette County at $3,500.00 per annum.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED FEB 18, 1942

F. . . . . . . . .
ATTORNEY GENERAL

WJF:GO

ENCLOSURE



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN